Case 2:21-cr-00138-GW   Document 12   Filed 03/23/21   Page 1 of 5   Page ID #:39

FILED
CLERK, U.S. DISTRICT COURT
03/23/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>DALTON WINFIELD COSTAHAUDE,<br>  aka "Dalton L,"<br><br>          Defendant. | CR 2:21-cr-00138-GW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about February 26, 2021, in Los Angeles County, within the Central District of California, defendant DALTON WINFIELD COSTAHAUDE, also known as "Dalton L," knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1.   A Glock 21, .45 caliber, semi-automatic handgun, bearing serial number DES910;

2.   A Remington 12-gauge pump-action shotgun, bearing serial number 1158074V;

  3. Hundreds of rounds of Lake City Manufacturing .308 caliber ammunition;

  4. Hundreds of rounds of Federal Cartridge .308 caliber ammunition;

  5. Hundreds of rounds of Winchester .308 caliber ammunition;

  6. Hundreds of rounds of Barnaul 7.62x39mm caliber ammunition;

  7. Hundreds of rounds of Winchester 5.56mm caliber ammunition;

  8. Hundreds of rounds of X-Treme .300 Blackout caliber ammunition;

  9. Hundreds of rounds of Winchester .45 caliber ammunition;

  10. Hundreds of rounds of Winchester 9mm Luger caliber ammunition;

  11. Hundreds of rounds of Aguila 9mm Luger caliber ammunition;

  12. Hundreds of rounds of Companhia Brasileira de Cartuchos 9mm Luger caliber ammunition;

  13. Hundreds of rounds of Federal Cartridge 9mm Luger caliber ammunition;

  14. Approximately 185 pounds of assorted caliber ammunition;

  15. Approximately 54 pounds of assorted caliber ammunition cartridge casings;

  16. Approximately 5 pounds of assorted caliber ammunition primers; and

  17. Approximately 19 pounds of assorted ammunition propellant powder.

 Defendant COSTAHAUDE possessed such firearms and ammunition knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Assault with a Deadly Weapon with Possible Great Bodily Injury, in

violation of California Penal Code Section 245(a)(4), in the Superior Court of the State of California, County of Los Angeles, Case Number MA062713, on or about August 7, 2014.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction on the offense set forth in this Indictment.

2. If so convicted, the defendant shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense.

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

//
//
//

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

GREGG E. MARMARO
Assistant United States Attorney
General Crimes Section